UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Mark A. Joubert | Civil Action No. 6:04-CV-0723 |
| versus | Judge Tucker L. Melançon |
| C & C Technologies, Inc. | Magistrate Judge Mildred E. Methvin |

## MEMORANDUM RULING

Before the Court are a Motion for Partial Summary Judgment on the Issue of Re-Instating Maintenance and Cure filed by plaintiff Mark A. Joubert [Rec. Doc. 24], a cross-Motion for Summary Judgment Denying Maintenance and Cure filed by defendant C & C Technologies, Inc. [Rec. Doc. 26], plaintiff's opposition to defendant's cross-motion [Rec. Doc. 31], and defendant's Motion to Strike Plaintiff's Opposition [Rec. Doc. 34]. For the following reasons, plaintiff's motion for partial summary judgment will be denied, defendant's cross-motion for summary judgment will be denied, and defendant's motion to strike will be denied.[1]

### *I. Background*

This case arises out of events surrounding an accident and alleged injuries

---

[1] While the Court notes that plaintiff's Memorandum in Opposition [Rec. Doc. 31] was initially deficient, exceeding ten pages and lacking a table of contents, as well as untimely filed under Local Rule 7.5W, the Court will DENY defendant's Motion to Strike Plaintiff's Opposition [Rec. Doc. 34], and consider the memorandum for purposes of the instant ruling.

sustained by plaintiff Mark A. Joubert during the course and scope of his employment as a boat engineer/deckhand for defendant C & C Technologies, Inc. (hereafter "C&C") aboard the M/V Ocean Surveyor, a vessel owned and operated by the defendant. (*Complaint* ¶ 3-4.) On or about July 17, 2003, Joubert was working aboard the Ocean Surveyor when he allegedly fell while cleaning up the "void room," a room adjacent to the engine room. (*Plaintiff's Motion*, 2.) Joubert reported the accident that evening to the vessel's captain, and an accident report was filed. (*Id.*, Ex. 1.) The Ocean Surveyor arrived at port the following day, July 18, 2003, and Joubert was examined by Dr. Donald Langford in Lafayette, Louisiana. (*Id.*, 3.) Joubert was diagnosed with a lumbar disc herniation at the L5-S1 level, and surgical intervention was recommended on March 24, 2004 by Dr. John Cobb. (*Id.* 4-6.)

Joubert now moves for partial summary judgment on the issue of the reinstatement of his maintenance and cure benefits from C&C, who halted payment of his maintenance benefits of $20.00 per day in March 2004, and who has refused to pay for his medical care up to date. (*Plaintiff's Motion*, 8.) Joubert has asked the Court to order that he undergo the spinal fusion surgery recommended by Dr. Cobb, and has requested that reasonable attorneys' fees be awarded due to C&C's arbitrary, wilful, wanton, and/or callous termination of Joubert's benefits. (*Id.*)

C&C opposes Joubert's motion, and argues that Joubert has no right to the reinstatement of maintenance and cure benefits, or to coverage of his alleged medical

expenses. (*Defendant's Motion*, 1-2.) C&C claims that Joubert fabricated the accident onboard the Ocean Surveyor in order to obtain Lortab, a narcotic pain medication, to which C&C alleges Joubert to be addicted. (*Id*. at 2.)

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is

entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Analysis

Joubert requests that the Court grant partial summary judgment in his favor and find that he is entitled to a reinstatement of maintenance and cure benefits from C&C, retroactive to the date of their termination in March 2004. (*Complaint* ¶ 2.) After the initial showing of the basis for its motion, the party who has the burden of proof at the trial has the responsibility to present evidence supporting its contentions. *See Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *and Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Since Joubert will have the burden of proof regarding his entitlement to maintenance and cure at the trial of this matter, he also bears the burden of proof at the summary judgment stage of these proceedings. *Freeman v. Thunder Bay Transp. Co., Inc.*, 735 F.Supp. 680, 681 (M.D.La.1990).

A seaman's right to recover maintenance and cure is broad, and the burden of proof is a relatively light, since recovery is not dependent on the negligence or fault of the vessel or its owner. *See* M. Norris, The Law of Seaman § 26.21, at 53 (4th ed. 1985). To recover maintenance and cure at the summary judgment stage of

proceedings, Joubert must show that no genuine issue of material fact exists with respect to the following factors: (a) his engagement as a seaman; (b) his illness or injury, that it occurred, was aggravated or manifested itself while in the ship's service; (c) the wages to which he may be entitled; and (d) the expenditures or liability incurred for medicines, nursing care, board and lodging, etc. *Id.*

The parties have agreed that Joubert qualifies as a seaman, however C&C strongly contests the evidence that Joubert has put forth on summary judgment to satisfy the second factor for entitlement to maintenance and cure benefits. C&C argues that Joubert fabricated the accident in the void room to obtain prescription pain medication, to which Joubert is addicted. (*Defendant's Motion*, 2.) C&C points out that Joubert has provided three varying accounts of the accident, further placing into doubt his allegation that it occurred. In Joubert's accident report, filed the evening the accident allegedly took place, he states that he tripped and fell backwards while moving boxes to clean the void room (*Id.*, Ex. A.) Approximately 6 months after the alleged accident, Joubert presented at Doctor's Hospital in Opelousas, where he claimed that he had been hit in the back when a cable popped. (*Id.*, Ex. D.) When Joubert was deposed in relation to the instant suit, he testified that he fell in the void room due to the movements of the vessel itself. (*Id.*, Ex. B.) C&C points out that is in direct contradiction to a statement made by Joubert approximately two weeks after the alleged accident, at which time Joubert specifically stated that the movement of

the vessel had nothing to do with his fall. (*Id.*, Ex. C.) In response to C&C's argument, Joubert replies that he has never deviated in his description of the most important details of the accident - that he was ordered to clean the void room and while doing so he lost his balance and fell. (*Plaintiff's Opposition*, 4.) Joubert also argues that two of the vessel's captains support his claim that the accident occurred as suggested. (*Id.* at 5.)

In addition to contesting the occurrence of the alleged accident, C&C contests Joubert's claim of injury. Specifically, C&C argues that Joubert's own medical records demonstrate that he has presented on 22 prior occasions to local hospitals complaining of back pain and injuries, with a resulting documentation of 15 alleged accidents causing related back injuries. (*Defendant's Motion*, 4.) At every visit, Joubert requested Lortab or a similar narcotic pain medication from the treating physician. (*Id.* at 4-5.) When deposed in relation to the instant suit, Joubert stated that he lied all of those times in order to obtain Lortab and admitted having been addicted in the past to the medication. (*Id.*, Ex. B.)

Although Joubert denied being addicted to Lortab in July 2003, on June 16, 2004 he overdosed on the medication, combined with alcohol, according to medical records from Acadian Ambulance Service. (*Id.*, Ex. D.) On July 10, 2004, Acadian Ambulance records show that Joubert had to be transported to Opelousas General Hospital after attempting to commit suicide by shooting himself with a .22 caliber

handgun. (*Id.*) Joubert has been accused by his wife in a sworn statement given in relation to the instant suit of beating her and other family members in order to obtain money to feed his drug addiction. (*Id.*, Ex. I.) In response to these allegations, Joubert admits having been addicted to Lortab and having received rehabilitation for his addiction. (*Plaintiff's Opposition*, 7.) Joubert even admits to being addicted to Lortab presently. (*Id.* at 10.) Joubert maintains that his addiction to narcotics has no bearing on the instant matter, however, and that accident occurred as he alleged and as a result he is entitled to his benefits.

Finally, C&C argues that Joubert's medical records indicate lower back problems that pre-existed his alleged accident on July 17, 2003. (*Defendant's Motion*, 11.) Joubert denies any pre-existing injury and maintains that his present disc herniation was caused by the July 17, 2003 accident. (*Plaintiff's Opposition*, 16.)

As noted above, summary judgment can only be granted if the pleadings, depositions and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts, it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). In the instant case, the

parties have submitted different versions of the facts relevant to the issue of Joubert's entitlement to a reinstatement of maintenance and cure benefits. Joubert appears to have related multiple versions of the alleged accident on various occasions. Joubert's medical records also do not present a close and shut case. On the one hand, the Court has been presented with evidence that Joubert needs surgical intervention to treat a documented back injury. On the other hand, the Court has reviewed evidence of a narcotics addiction that gives Joubert a motive to provide his physicians with false reports of pain and injury in order to obtain prescription pain medications, as well as a motive to lie about being injured in a work-related accident such as the one he maintains occurred on July 17, 2003 aboard the Ocean Surveyor. These facts add to the controversy created by the parties, and fail to provide the Court with a concrete, unquestionable explanation for Joubert's back pain and injuries subsequent to the alleged accident. A seaman's right to maintenance and cure is predicated directly upon these types of factual questions, and in an instance where the key facts are in dispute, the claim cannot be properly disposed of by summary judgment. *Billiot v. Toups Marine Transport, Inc.*, 465 F.Supp. 1265 (E.D.La. 1979).

The Fifth Circuit has held that while a seaman has the right, which Joubert here chose to exercise, to join his claim for maintenance and cure and the other general maritime law claims with his Jones Act claim, and to obtain a jury trial of all of these claims, he is not obligated to do so. *Tate v. American Tugs, Inc.*, 634 F.2d 869, 871

(5th Cir. 1981) (*citing Pelotto v. L&N Towing Co.*, 604 F.2d 396 (5th Cir. 1979)). If a seaman originally joins his claim for maintenance and cure with claims brought pursuant to the Jones Act and general maritime law, the maintenance and cure claim may be severed and tried on an expedited basis by the Court. *Id.* at 871.

In determining whether to sever a claim for maintenance and cure, a court should consider the plaintiff's interest in expediting trial of the issue, whether plaintiff requested a jury trial, and the proximity of the scheduled trial date. *See Hampton v. Daybrook Fisheries*, 2002 WL 1974107, *2 (E.D.La.) (*citing Tate v. American Tugs, Inc.*, 634 F.2d 869, 871 (5th Cir.1981)). The trial of this matter is currently set for September 19, 2005. The Court finds that if Joubert is entitled to a reinstatement of maintenance and cure benefits, it is an issue which can be resolved along with the remainder of the case at trial without causing any undue prejudice to either party.

Accordingly, the Court will deny both Joubert's and C&C's motions for summary judgment, and the maintenance and cure claim will be resolved at the trial of this case on September 19, 2005.

*IV. Conclusion*

For the foregoing reasons, the Court finds that genuine issues of material fact exist regarding Joubert's claim for the reinstatement of maintenance and cure benefits. Accordingly, Joubert's motion for partial summary judgment is denied,

C&C's motion for summary judgment is denied, and Joubert's claim will proceed to trial.